Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
Steven J. Kahn (CA Bar No. 76933)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: skahn@pszjlaw.com

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11 Trustee for the Bankruptcy Estate of Layfield & Barrett, APC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11 |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>Plaintiff,<br><br>vs.<br><br>LAYFIELD V, LLC, a Delaware limited liability company and PHILIP LAYFIELD, an individual,<br><br>Defendants. | Adv. Case No.: _____<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND FOR UNJUST ENRICHMENT** |

Plaintiff, Richard M. Pachulski, in his capacity as the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("Plaintiff" or the "Trustee"), alleges as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this complaint and objection pursuant to 28 U.S.C. § 157 and § 1334, and venue in this district is proper pursuant to 28 U.S.C. § 1409.

DOCS_LA:311605.5 51414/001

2. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all claims and objections set forth herein are core proceedings under 28 U.S.C. § 157(b)(2)(A), (H) and (O). The Trustee confirms his consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with the claims set forth herein to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are 11 U.S.C. §§ 548 and 550 and Bankruptcy Rule 7001.

## THE PARTIES

4. Plaintiff, Richard M. Pachulski, is the duly appointed and acting Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("L&B" or the "Debtor"), in the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), assigned case number 2:17-bk-19548-NB (the "Bankruptcy Case").

5. Defendant Layfield V ("Layfield V") is a Delaware limited liability company and is the purported record holder of title of real property in Summit County, Utah.

6. Defendant Philip Layfield is an individual who conducted business in the states of California, Arizona and Utah. Plaintiff is informed and believes and thereon asserts that at all times relevant hereto, Philip Layfield was a principal of L&B and a member of Layfield V.

## BACKGROUND FACTS

7. L&B was a professional law corporation with offices in a number of states, including California, Utah and Arizona.

8. On August 3, 2017 (the "Petition Date"), petitioning creditors The Dominguez Firm, a law firm that previously has referred matters to L&B, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), against the Debtor in the Bankruptcy Court. Pursuant to section 541(a) of the Bankruptcy Code, the

2

DOCS_LA:311605.5 51414/001

commencement of the Bankruptcy Case "creates an estate … comprised of … all legal or equitable interests of the debtor in property …," including, without limitation, all of a debtor's claims, litigation rights and "property that the trustee recovers under section … 550" of the Bankruptcy Code (collectively, the "Bankruptcy Estate"). 11 U.S.C. §§ 541(a)(1), (3).

9. That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* (the "Trustee Motion"). In the Trustee Motion, the Petitioning Creditors asserted, among other allegations, that L&B clients' "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."

10. In response to the Trustee Motion, L&B, filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 (the "Conversion Motion"), seeking to convert the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code. The Bankruptcy Court entered orders granting the Conversion Motion, and denying the Trustee Motion.

11. On August 16, 2017, L&B, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee*, which the Bankruptcy Court approved by order on August 17, 2017.

12. On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Plaintiff Richard M. Pachulski as Chapter 11 Trustee in the Bankruptcy Case. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee*, which application was granted by the Bankruptcy Court's order entered the following day.

13. On August 28, 2017, Plaintiff filed his *Acceptance of Appointment as Chapter 11 Trustee* in the Bankruptcy Case.

3

DOCS_LA:311605.5 51414/001

## THE SUBJECT TRANSFERS

14.  Prior to April 7, 2017, L&B was the owner of real property located in Summit County, Utah, commonly known as Units 200, 210 and 220 of Toll Creek Village 2, a Utah condominium project located at 2720 Homestead Road, Park City, Utah and more particularly described in **Exhibit "A"** attached hereto and incorporated herein by reference (the "Subject Real Property").

15.  On April 7, 2017, Philip Layfield, in his stated capacity as President of L&B executed two quitclaim deeds transferring title to the Subject Real Property to Layfield V.  The quitclaim deed to Unit 200 of the Subject Real Property was thereafter recorded with the Summit County Utah Recorder on April 17, 2017, as Document No. 01067476, and the quitclaim deed to Units 210 and 220 of the Subject Real Property was recorded with the Summit County Utah Recorder on April 17, 2017, as Document No. 01067478.  True and correct copies of the quitclaim deeds are attached hereto collectively as **Exhibit "B"**.  Each of the quitclaim deeds constituted a "Transfer," and collectively the two quitclaim deeds constituted the "Transfers" which are the subject of this Complaint.

## I.

## FIRST CAUSE OF ACTION

## (For Avoidance of Fraudulent Transfers

## Pursuant to Utah Code 25-6-5(1)(a) and CCP Section 3439.04 et seq. )

16.  Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 15, above.

17.  Plaintiff is informed and believes and thereon asserts that the Transfers were made with actual intent to hinder, delay, or defraud the creditors of L&B in that, amongst other things, the Transfers were made to or for the benefit of an insider of L&B, L&B was aware of substantial financial claims against it at the time of the Transfers, the Transfers were made without reasonably equivalent value, and L&B was insolvent or became insolvent shortly after the Transfers were made.

18.  Plaintiff is informed and believes and thereon asserts that the Transfers made to Layfield V were for the direct benefit of Philip Layfield.

4

19. Plaintiff is entitled to avoidance of the Transfers and the vesting of title to the Subject Real Property in the Layfield & Barrett Bankruptcy Estate.

## II.

## SECOND CAUSE OF ACTION

## (For Avoidance of Fraudulent Transfers

## Pursuant to Utah Code 25-6-5(1)(b) and CCP Section 3439.04 et seq.)

20. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19, above.

21. The Transfers were made without L&B receiving reasonably equivalent value therefor.

22. Plaintiff is informed and believes and thereon asserts that the Transfers were made at a time when L&B was insolvent, was engaged or was about to engage in a business or transaction for which the remaining assets of L&B were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that L&B would incur, debts beyond its ability to pay as they became due.

23. Plaintiff is entitled to avoidance of the Transfers and the vesting of title to the Subject Real Property in the Layfield & Barrett Bankruptcy Estate.

## III.

## THIRD CAUSE OF ACTION

## (For Avoidance of Fraudulent Transfers

## Pursuant to 11 U.S.C. § 548(a))

24. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 23, above.

25. Plaintiff is informed and believes and thereon asserts that the Transfers were made with actual intent to hinder, delay, or defraud the creditors of L&B in that, amongst other things, the Transfers were made to or for the benefit of an insider of L&B, L&B was aware of substantial financial claims against it at the time of the Transfers, the Transfers were made without reasonably equivalent value, and L&B was insolvent or became insolvent shortly after the Transfers were made.

DOCS_LA:311605.5 51414/001

26. Plaintiff is informed and believes and thereon asserts that the Transfers made to Layfield V were for the direct benefit of Philip Layfield.

27. Plaintiff is entitled to avoidance of the Transfers and the vesting of title to the Subject Real Property in the Layfield & Barrett Bankruptcy Estate.

## IV.

## FOURTH CAUSE OF ACTION

## (For Avoidance of Fraudulent Transfers

## Pursuant to 11 U.S.C. § 548 (b))

28. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 27, above.

29. The Transfers were made without L&B receiving reasonably equivalent value therefor.

30. Plaintiff is informed and believes and thereon asserts that the Transfers were made at a time when L&B was insolvent.

31. Plaintiff is entitled to avoidance of the Transfers and the vesting of title to the Subject Real Property in the Layfield & Barrett Bankruptcy Estate.

## V.

## FIFTH CAUSE OF ACTION

## (For Recovery of Avoided Transfers

## Pursuant to 11 U.S.C. § 550)

32. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 31, above.

33. Layfield V was the initial transferee of the Transfers, and the Transfers were made for the benefit of Defendant Philip Layfield.

34. Plaintiff is entitled to avoidance of the Transfers.

DOCS_LA:311605.5 51414/001

## VI.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment)

35. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 34, above.

36. The Transfers benefited Layfield V and Philip Layfield, who were aware of those benefits at the time of the Transfers.

37. The retention of the benefits of the Transfers would be inequitable to Plaintiff.

38. Plaintiff is entitled to the entry of judgment vesting title in Subject Real Property in the Layfield & Barrett Bankruptcy Estate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment in each cause of action as follows:

(a) For an Order avoiding the Transfers of the Subject Real Property and declaring title thereto be vested in the bankruptcy estate;

(b) For costs of suit incurred herein;

(b) For attorneys' fees according to proof; and

(c) For such other and further relief as the Court deems just and proper.

PACHULSKI STANG ZIEHL & JONES LLP

Dated: February 22, 2018        */s/ Steven J. Kahn*
Steven J. Kahn

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC

DOCS_LA:311605.5 51414/001

# EXHIBIT A

Exhibit A

Unit 200, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with their appurtenant undivided ownership interest in and to the Common Areas and Facilities, as established and described in the Record of Survey Map recorded September 2, 2005 as Entry No. 749495, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005 as Entry No. 749496 in Book 1730 at page 1816, and Toll Creek Village 2, a Utah Condominium Project, recorded February 27, 2008 as Entry No. 838524 and the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008 as Entry No. 838525 in Book 1916 at page 1360, records of Summit County, Utah. TCVC-2-200.

Units 210 and 220, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with their appurtenant undivided ownership interest in and to the Common Areas and Facilities, as established and described in the Record of Survey Map recorded September 2, 2005 as Entry No. 749495, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005 as Entry No. 749496 in Book 1730 at page 1816, and Toll Creek Village 2, a Utah Condominium Project, recorded February 27, 2008 as Entry No. 838524 and the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008 as Entry No. 838525 in Book 1916 at page 1360, records of Summit County, Utah. TCVC-2-210 and TCVC-2-220.

# EXHIBIT B

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
Todd D. Wakefield
2720 Homestead Rd., Ste. 210
Park City, UT 84098

Tax ID: TCVC-2-200

01067476   B: 2405 P: 0985
Page 1 of 2
Mary Ann Trussell, Summit County Utah Recorder
04/17/2017 03:18:40 PM Fee $12.00
By Metro National Title
Electronically Recorded

*SPACE ABOVE THIS LINE FOR RECORDERS USE*

## QUITCLAIM DEED

For the consideration of Ten Dollars, and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Layfield & Barrett, APC, a California corporation ("Grantor"), does hereby quitclaim and convey to LAYFIELD V, LLC, a Delaware limited liability company ("Grantee"), with an address of 1000 N. Green Valley Pkwy, #440-312, Henderson, NV 89074 the following real property situated in Summit County, Utah:

*** See "Exhibit A" attached hereto and made a part hereof ***

Dated this 7th day of April, 2017.

GRANTOR:

Layfield & Barrett, APC, a California corporation

By: Philip Layfield

Its: President

**COURTESY RECORDING**
This Document is being recorded solely as a courtesy and an accommodation to the parties named herein. METRO NATIONAL TITLE hereby expressly disclaims any responsibility or liability for the accuracy of the content thereof.

State of California )
County of Orange )

This instrument was acknowledged before me this _____ 7th day of April, 2017, by Philip Layfield, the person herein subscribed and if subscribed in a representative capacity, then for the principal named and in the capacity indicated and acknowledged that he executed the same.

K. Borsuk
Notary Public

My commission will expire 10/18/17

K. BORSUK
Commission # 2045986
Notary Public - California
Orange County
My Comm. Expires Oct 18, 2017

Exhibit A

Unit 200, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with their appurtenant undivided ownership interest in and to the Common Areas and Facilities, as established and described in the Record of Survey Map recorded September 2, 2005 as Entry No. 749495, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005 as Entry No. 749496 inBook 1730 at page 1816, and Toll Creek Village 2, a Utah Condominium Project, recorded February 27, 2008 as Entry No. 838524 and the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008 as Entry No. 838525 in Book 1916 at page 1360, records of Summit County, Utah. TCVC-2-200.

| | |
|---|---|
| RECORDING REQUESTED BY: | 01067478    B: 2405 P: 0988<br>Page 1 of 2<br>Mary Ann Trussell, Summit County Utah Recorder<br>04/17/2017 03:22:31 PM Fee $13.00<br>By Metro National Title<br>Electronically Recorded |
| WHEN RECORDED MAIL TO:<br>Todd D. Wakefield<br>2720 Homestead Rd., Ste. 210<br>Park City, UT 84098 | |
| Tax ID: TCVC-2-210 & TCVC-2-220 | |

SPACE ABOVE THIS LINE FOR RECORDERS USE

## QUITCLAIM DEED

For the consideration of Ten Dollars, and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Layfield & Barrett, APC, a California corporation ("Grantor"), does hereby quitclaim and convey to LAYFIELD V, LLC, a Delaware limited liability company ("Grantee"), with an address of 1000 N. Green Valley Pkwy, #440-312, Henderson, NV 89074 the following real property situated in Summit County, Utah:

*** See "Exhibit A" attached hereto and made a part hereof ***

Dated this 7th day of April, 2017.

**GRANTOR:**

**Layfield & Barrett, APC, a California corporation**

_____
By: Philip Layfield
Its: President

**COURTESY RECORDING**
This Document is being recorded solely as a courtesy and an accommodation to the parties named herein. METRO NATIONAL TITLE hereby expressly disclaims any responsibility or liability for the accuracy of the content thereof.

State of California )
County of Orange )

This instrument was acknowledged before me this _____ 17th day April _____, 2017, by Philip Layfield, the person herein subscribed and if subscribed in a representative capacity, then for the principal named and in the capacity indicated and acknowledged that he executed the same.

K. Borsuk
Notary Public

My commission will expire 10/18/17

K. BORSUK
Commission # 2045986
Notary Public - California
Orange County
My Comm. Expires Oct 18, 2017

Exhibit A

Units 210 and 220, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with their appurtenant undivided ownership interest in and to the Common Areas and Facilities, as established and described in the Record of Survey Map recorded September 2, 2005 as Entry No. 749495, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005 as Entry No. 749496 in Book 1730 at page 1816, and Toll Creek Village 2, a Utah Condominium Project, recorded February 27, 2008 as Entry No. 838524 and the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008 as Entry No. 838525 in Book 1916 at page 1360, records of Summit County, Utah. TCVC-2-210 and TCVC-2-220.