Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
           mpagay@pszjlaw.com

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11 Trustee for the Bankruptcy Estate of Layfield & Barrett, APC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>                    Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11 |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>                    Plaintiff,<br><br>vs.<br><br>LAYFIELD V, LLC, a Delaware limited liability company and PHILIP LAYFIELD, an individual,<br><br>                    Defendants. | Adv. Case No.: 2:18-ap-01050-NB<br><br>**STIPULATION TO AMEND JUDGMENT AS TO LAYFIELD V, LLC, TO INCLUDE STORAGE UNIT**<br><br>[No hearing required] |

Richard M. Pachulski (the "Chapter 11 Trustee" or the "Plaintiff"), petitioning creditor herein and the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("L&B"), and Wesley Avery, the duly appointed interim chapter 7 trustee herein (the "Chapter 7 Trustee" and together with the Chapter 11 Trustee, the "Parties"), by and through their respective counsel, hereby stipulate and agree as follows in accordance with the following facts and recitals:

DOCS_LA:317456.2 51414/002

**RECITALS**

A.  Prior to April 7, 2017, L&B was the owner of real property located in Summit County, Utah, commonly known as Units 200, 210 and 220 of Toll Creek Village 2 (the "Toll Creek Village Property"), an office condominium project located at 2720 Homestead Road, Park City, Utah.

B.  On April 7, 2017, Philip Layfield ("Layfield"), in his stated capacity as President of L&B, executed two quitclaim deeds transferring the title to the Toll Creek Village Property (the "Transfers") to Layfield V, LLC ("Layfield V"), an entity owned by Layfield.

C.  On August 3, 2017, petitioning creditors The Dominguez Firm ("TDF"), Mario Lara, Nayazi Reyes and Maria A. Rios (the "L&B Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), against L&B, thereby commencing L&B's bankruptcy case in this Court (Case No.: 2:17-bk-19548-NB; the "L&B Case").  That same day, the L&B Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [L&B Docket No. 3] (the "L&B Trustee Motion") in the L&B Case.  In the L&B Trustee Motion, the L&B Petitioning Creditors asserted, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."  L&B Trustee Motion at 1.

D.  In response to the L&B Trustee Motion, L&B filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [L&B Docket No. 19] (the "L&B Conversion Motion"), seeking to convert the L&B Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders granting the L&B Conversion Motion [L&B Docket No. 25], and denying the L&B Trustee Motion [L&B Docket No. 24].

E.  On August 16, 2017, L&B, the L&B Petitioning Creditors, and secured creditor, Advocate Capital, Inc. entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [L&B Docket No. 38], which the Court approved by order on August 17, 2017 [L&B Docket No. 42].

2

DOCS_LA:317456.2 51414/002

F.  On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the L&B Case [L&B Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [L&B Docket No. 53], which application was granted by the Court's order entered the following day L&B [Docket No. 56].

G.  On August 28, 2017, the Chapter 11 Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [L&B Docket No. 63].

H.  On or about February 22, 2018, the Chapter 11 Trustee commenced a complaint for the avoidance of fraudulent transfers and unjust enrichment (the "Adversary Proceeding") against Layfield and Layfield V (together, the "Defendants"), bearing adversary number 2:18-ap-01050-NB. In the Adversary Proceeding, the Chapter 11 Trustee alleged that the Transfers were made with the intent to hinder, delay, or defraud the creditors of L&B in that, amongst other things, the Transfers were made to or for the benefit of an insider of L&B, L&B was aware of substantial financial claims against it at the time of the Transfers, the Transfers were made without reasonably equivalent value, and L&B was insolvent or became insolvent shortly after the Transfers were made.

I.  The Summons on the Adversary Proceeding was served on the Defendants on or about February 27, 2018, providing the Defendants until March 26, 2018 to file a response.

J.  The Defendants failed to respond to the Adversary Proceeding. The Chapter 11 Trustee then requested an entry of default against each of the Defendants [AD Docket Nos. 4 and 5]. On March 29, 2018, the Clerk of this Court entered defaults against both Defendants [AD Docket Nos. 6 and 7].

K.  On May 1, 2018, Plaintiff filed a *Motion for Default Judgment Under LBR 7055-1* (the "Default Judgment Motion") against Layfield and Layfield V [AD Docket No. 12].

L.  On May 21, 2018, the Chapter 11 Trustee and two other creditors (the "Layfield Petitioning Creditors") filed an involuntary chapter 7 petition against Layfield in this Court [Docket No. 1], thereby commencing the above-captioned case (the "Case").

M.  On May 23, 2018, Wellgen Standard, LLC, one of the Layfield Petitioning Creditors, filed *Wellgen Standard, LLC's Motion for Order Appointing an Interim Trustee Under 11 U.S.C. §*

3

DOCS_LA:317456.2 51414/002

*303(g)* [Docket No. 5] (the "Interim Trustee Motion"), seeking the appointment of an interim chapter 7 trustee in this Case.

N.    On May 25, 2018, this Court granted the Default Judgment Motion and entered a default judgment (the "Judgment") against both Defendants, and in favor of the Plaintiff [AD Docket No. 17] in the Adversary Proceeding, resulting in the avoidance of the Transfers and the re-vesting of the Toll Creek Village Property in L&B's bankruptcy estate.

O.    On May 30, 2018, this Court granted the Interim Trustee Motion and on June 8, 2018, the UST appointed the Chapter 7 Trustee in this Case.

P.    On July 30, 2018, the Chapter 11 Trustee filed an *Application for an Order Authorizing and Approving the Employment of KW Park City Keller Williams Real Estate to Market and Sell Real Property in Park City, Utah* [Docket No. 310] (the "Utah Broker Employment Application"), pursuant to which the Chapter 11 Trustee sought to employ brokers to market and sell the Toll Creek Village Property.  On August 21, 2018, this Court granted the Utah Broker Employment Application.

Q.    Subsequent to the approval of the Utah Broker Employment Application and the commencement of the broker's review and marketing of the Toll Creek Village Property, the Trustee discovered that a storage unit at the Toll Creek Village Property premises also previously owned by L&B and also transferred with the office suites to Layfield V on April 7, 2017, is separately parceled on the Summit County, Utah, property records (TCVC-A-2AM)(the "Storage Unit"), rather than being included on a parcel of one of the office suites on the premises (TCVC-2-200, TCVC-2-210, TCVC-2-220).

R.    In order to allow the Chapter 11 Trustee to sell the storage unit together with the office suites and avoid the potential confusion of third parties and the disruption to the marketing and sale of the Toll Creek Village Property, the Chapter 7 Trustee and Chapter 11 Trustee have agreed to allow the Chapter 11 Trustee to amend the Judgment as to Layfield V to explicitly include the parcel containing the Storage Unit or enter a separate judgment as to the Storage Unit avoiding the transfer by L&B to Layfield V of the Storage Unit and revesting title to the Storage Unit in L&B's bankruptcy estate.

4

DOCS_LA:317456.2 51414/002

NOW, THEREFORE, the Parties hereby agree as follows:

### STIPULATION

1. The Parties incorporate the Recitals as set forth above, and such Recitals are made a material part hereof.

2. The Chapter 11 Trustee is authorized, in his discretion, either to (a) amend the Judgment as to Layfield V to include the Storage Unit, or (b) submit a separate judgment against Layfield V avoiding the transfer by L&B to Layfield V of the Storage Unit and revesting title to the Storage Unit in L&B's bankruptcy estate.

3. The relief granted in this Stipulation is without prejudice to the Chapter 7 Trustee asserting an interest on behalf of the Layfield bankruptcy estate in any proceeds of sale of the Toll Creek Village Property and Storage Unit, depending upon the results of his investigation of such property and the Transfers.

Dated: October ___, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

                                             By    /s/Malhar S. Pagay
                                                   Malhar S. Pagay
                                                   Counsel for Petitioning Creditor, Richard M.
                                                   Pachulski, Chapter 11 Trustee of
                                                   Layfield & Barrett, APC

Dated:    October 31, 2018                   WEILAND GOLDEN GOORICH LLP

                                             By    _____
                                                   Jeffrey I. Golden

                                             Proposed Special Counsel for Wesley H.
                                             Avery, Interim Chapter 7 Trustee

5

DOCS_LA:317456.2 51414/002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  **STIPULATION TO AMEND JUDGMENT AS TO LAYFIELD V, LLC, TO INCLUDE STORAGE UNIT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 2, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- *Steven J Kahn    skahn@pszyjw.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 2, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Suite 6426
Dover, Delaware  19901

Layfield V, LLC
c/o its Registered Agent
Universal Registered Agents, Inc.
12 Timber Creek Lane
Newark, Delaware 19711

Jeffrey I. Golden
Weiland Golden Goodrich LLP
650 Town Center Dr., Ste. 600
Costa Mesa, CA  92626

Layfield V, LLC
Attn: Philip Layfield, Manager
1000 N. Green Valley Parkway,
#440-312
Henderson, Nevada 89074

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 2, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**By Email:**
Philip Layfield phil@maximum.global

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 2, 2018 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                        **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:317667.1 51414/002